# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2591

_____

| | | |
|---|---|---|
| Ester Jackson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United Parcel Service, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 4, 2000

Filed: June 14, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ester Jackson brought this employment-discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, contending his male United Parcel Service (UPS) supervisor made comments to him constituting sexual harassment and then retaliated against him for filing internal grievances. The district court[1] granted UPS's motion for summary judgment, and Mr. Jackson appeals. We affirm.

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

After reviewing the record de novo, we agree with the district court that Mr. Jackson failed to create a trialworthy issue on whether his supervisor's conduct subjected him to a sexually hostile work environment.  See Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 486 (8th Cir. 1998) (de novo standard); Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1326-27 (8th Cir. 1994) (totality-of-circumstances assessment).  He produced no evidence that the offending comments, allegedly made or repeated on five occasions over a three-month period, interfered with his work performance, or rose to the level of severe or pervasive harassment necessary to implicate Title VII.  See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 23 (1993) (conduct must be sufficiently severe or pervasive to create objectively hostile work environment); cf. Carter v. Chrysler Corp., 173 F.3d 693, 696-97, 700, 704 (8th Cir. 1999) (factfinder could find race- or sex-based conduct to be sufficiently severe or pervasive where male coworker called African-American female "bitch" almost every other day for 2 years; threw screws at her; frequently gave her "the finger"; put motor oil and grease on her chair and glasses; placed dead roach and photo of naked white man in her work area; and wrote sexual graffiti about her in restroom).  Additionally, he did not establish that the offensive comments were based on sex.  See Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 81 (1998) (employee must always prove conduct at issue was not merely tinged with offensive sexual connotations).

We also conclude Mr. Jackson failed to establish a trialworthy retaliation claim, because the alleged retaliatory action--removal of a few of his delivery stops, with no resulting pay loss, and the pushing of a heavy box against his feet (without causing harm or injury)--did not rise to the level of an adverse employment action.  See Scusa v. Nestle U.S.A. Co., Inc., 181 F.3d 958, 968 (8th Cir. 1999) (employee must show participation in protected activity, subsequent adverse action by employer, and causal connection between activity and action); Kim v. Nash Finch Co., 123 F.3d 1046, 1060 (8th Cir. 1997) (sufficiently adverse actions include discharge, reduction of duties, requiring employee to undergo special remedial training, papering of employee's file with negative reports and reprimands, and actions that materially disadvantage or

interfere with employee's ability to do his job).  Finally, we hold Mr. Jackson's unsupported allegation that he lost income by attending grievance hearings is not enough to establish retaliation.

Accordingly, we affirm.

McMILLIAN, Circuit Judge, dissenting.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.